# THE ATTORNEY GENERAL
## OF TEXAS
**GROVER SELLERS**
ATTORNEY GENERAL


Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Overruled by O-5933A
in so far as it conflicts *and*
*by WW-360*

Dear Sir:

Opinion No. 0-5792
Re: Whether a life insurance
    company whose stock is
    without par value may re-
    duce its capital to $100,000
    for the purpose of making
    good an impairment of its
    capital under the provisions
    of Article 4748 and Article
    4704, Vernon's Annotated
    Civil Statutes; and a
    related matter.

Your letter requesting the opinion of this department
on the questions stated therein reads as follows:

"A Texas life insurance company, whose shares
of stock are without nominal or par value, wishes to
reduce its capital to $100,000. The Company's author-
ized capital is $500,000, of which $250,000 was paid
in in cash at incorporation.

"The purpose of the reduction is to restore an
impairment in its present capital structure. This
procedure is available to companies with par value
stock under Article 4748.

"Will you please advise me whether, in view of
Article 4704 and any other applicable statutes, a life
insurance company whose stock is without par value, may
reduce its capital to $100,000 for the purpose of mak-
ing good an impairment of its capital.

"If your answer should be in the negative, please advise me whether the no par stock may be converted into stock with par value so that the company may then proceed with the reduction under Article 4748."

Article 4704, Vernon's Annotated Civil Statutes, provides, in part:

"Sec. 2. Upon the incorporation or upon the amendment of the charter in the manner now or hereafter provided by law, of any insurance company organized under the laws of this State, provision may be made for the issuance of shares of its stock without a nominal or par value. Every such share, shall be equal in all respects to every other such share; provided, however, that the stockholders of any such company authorizing the issuance of its stock without nominal or par value, shall be required in good faith to subscribe and pay for at least fifty (50%) per cent of the authorized shares to be issued without nominal or par value, before said corporation shall be chartered or have its charter amended so as to authorize the issuance of shares without nominal or par value; and provided further that in no event shall the amount so paid be less than Two Hundred Fifty Thousand ($250,000.00) Dollars.

" * * *

"Sec. 6. The privileges and powers conferred by this Act shall be in addition to any and all powers and privileges conferred by any other law or laws, and not in restriction or limitation of any of the powers now permitted to such companies; life, health or accident insurance companies organized or amending their charter under this Act shall be subject to and controlled by the provisions of Chapter 3, Title 78, Revised Civil Statutes of Texas, 1925, except where the provisions of said Chapter are inconsistent or in conflict with the provisions of this Act."

Article 4719, Vernon's Annotated Civil Statutes, authorizes life, health and accident insurance companies to amend their charters and also increase or reduce the amount of their capital stock in the manner therein prescribed.

Article 4748, Vernon's Annotated Civil Statutes, provides:

"Any insurance company transacting business within this State, whose capital stock shall become impaired to the extent of thirty-three and one-third per cent thereof, computing its liabilities according to the terms of this chapter, shall make good such impairment within sixty days, by reduction of its capital stock, (provided such capital stock shall in no case be less than one hundred thousand dollars), or otherwise; and failing to make good such impairment within said time shall forfeit its right to write new business in this State until said impairment shall have been made good. The Commissioner may apply to any court of competent jurisdiction for the appointment of a receiver to wind up the affairs of such company when its capital stock shall become impaired to the extent of fifty per cent thereof, computing its policy liabilities according to the American experience table of mortality and four and one-half per cent interest. No company shall write new business in Texas when its net surplus to policy holders is less than one hundred thousand dollars."

Article 4704, supra, authorizes insurance companies to issue shares of their stock without nominal or par value. Said statute requires companies issuing such stock to subscribe and pay for at least fifty per cent of the authorized shares to be issued without nominal or par value before said corporation shall be chartered or have their charters amended so as to authorize the issuance of shares without nominal or par value, and in no event shall the amount so paid be less than $250,000. In view of Article 4704, it is our opinion that a life insurance company whose shares of stock are without nominal or par value cannot reduce its capital to $100,000. Such statute (Article 4704) ex-

pressly provides that in no event shall the amount so paid be less than $250,000.

It is our further opinion that Article 4719 authorizing life, health and accident insurance companies to reduce their capital stock does not authorize such companies to reduce their capital stock whose shares of stock are without nominal or par value to any amount less than $250,000.

Article 4715, Vernon's Annotated Civil Statutes, provides:

"The laws governing corporations in general shall apply to and govern insurance companies incorporated in this State in so far as the same are not inconsistent with any provision of this title."

Articles 1538a,-1538m, Vernon's Annotated Civil Statutes, authorize corporations generally to issue stock without nominal or par value. These statutes authorize private corporations for profit, other than corporations authorized to conduct a banking or insurance business, having authorized shares for par or face value, or shares without nominal or par value, or both, to change its shares of stock with par or face value, or any class or classes thereof, into the same number or into a larger or smaller number of shares without nominal or par value, provided that all shares in any one class shall be changed on the same basis, or so as to change its shares without nominal or par value, or any class or classes thereof, into a larger or smaller number of shares without nominal or par value, provided that all shares in any one class shall be changed on the same basis. It will be noted that these statutes do not authorize corporations generally to convert shares of stock without nominal or par value into stock with nominal or par value.

After a careful search of the cases of the appellate courts, we have failed to find any case passing upon the question under consideration. We have also failed to find any authority or statute authorizing a life insurance company whose shares of stock are without nominal or par value to convert such stock into stock with nominal or par value. Therefore, it is our opinion that a life insurance company whose shares of stock are without nominal or par value cannot legally convert such stock into stock with nominal or par value.

APPROVED JAN 28, 1944
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY /s/ GWB
CHAIRMAN

Yours very truly

ATTORNEY GENERAL OF TEXAS
By /s/ Ardell Williams
Ardell Williams
Assistant

AW:EP